```
            IN THE UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN J. RILEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-2311 (JBS) |
| v. |  |
| STATE OF NEW JERSEY AGENCIES, et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Kevin J. Riley, plaintiff pro se
319 Toomer Ave.
West Berlin, NJ 08091

Stuart Rabner
ATTORNEY GENERAL OF NEW JERSEY
    By: Alyson R. Jones, D.A.G.
Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Attorney for State Defendants

**SIMANDLE, District Judge**:

This matter comes before the Court on the motion [Docket Item 16] of Defendants – former Attorney General of New Jersey Zulima V. Farber, Superior Court Judge John J. Lindsay, Chief of Probation for Gloucester County Robert Miles, Gloucester County Probation Officer Edward Sedlak, Camden County Probation Officer Mark Whitman, and the State of New Jersey (hereafter the "State Defendants") – to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This Court also considers the motion of

Plaintiff, Kevin J. Riley, for judgment on the pleadings, filed March 15, 2007 [Docket Item 36], which the Court will consider also as opposition to the State Defendants' motion to dismiss. The State Defendants have themselves submitted opposition to Plaintiff's motion by letter dated April 11, 2007.  Plaintiff also requested on April 20, 2007 [Docket Item 44], that a letter to Allan E. Richardson, Esquire (attorney for former Defendant Frank Brown), dated September 7, 2006, from Guy W. Killen, Esquire, which Mr. Riley refers to as the "Scibal letter," also be considered in connection with his motion for judgment on the pleadings.

In their motion to dismiss, the State Defendants argue, among other things, that collateral estoppel arising from Plaintiff's previous adverse judgment in the Supreme Court of New Jersey arising from the same facts and circumstances and Eleventh Amendment immunity preclude this action.  For the reasons explained below, the Court will grant the motion to dismiss and will deny Plaintiff's motion for judgment on the pleadings.

**I.   BACKGROUND**

   **A. Facts**[1]

Plaintiff brings suit against various public officials, alleging that they negligently mismanaged his child and spousal support records. In his Amended Complaint, Plaintiff seeks monetary damages for the resulting alleged violations of his civil rights, including the loss of employment, suspension of his driver's license, and subsequent arrest. Additionally, Plaintiff seeks expungement of his driver's record and any criminal or incarceration records that resulted from the alleged negligence of state officials.

Plaintiff's claims stem from his interactions with the Glassboro police department, New Jersey court system and the New Jersey Probation department between 1995 and 2004. In 1995, Plaintiff alleges Glassboro police filed a domestic violence complaint against him based on allegedly false statements by the Plaintiff's ex-wife. (Pl.'s Am. Compl. ¶ 2.) Plaintiff alleges he was summoned to court in 1996 and told to bring evidence that he was paying child and spousal support to his ex-wife. (Id. ¶ 6.) After the hearing, Plaintiff alleges that the Gloucester County Probation Department wrongfully notified his employer

---

[1] The facts as set forth here are those alleged in Plaintiff's Amended Complaint, amplified in Plaintiff's motion for judgment (filed March 15, 2007). The only other Defendant, Frank Brown, was dismissed from this case by Order entered March 7, 2007.

that, due to non-payment of support, Plaintiff's commercial driver's license had been suspended. (Id. ¶ 7.) As a result, Plaintiff claims he was fired from his job as a commercial truck driver and remained unemployed until 2002. (Id.)

In 2001, Plaintiff alleges that his ex-wife remarried, the two children he shared with his ex-wife were emancipated, and his ex-wife requested the Gloucester County Probation Office end any child or spousal support being charged to Plaintiff. (Id. ¶ 8.) However, in 2002 and 2003, the Gloucester County Probation Department continued to charge Plaintiff with failure to pay child and spousal support. (Id. ¶¶ 9, 11.) Police stopped Plaintiff in 2003 for driving on a license suspended for failure to pay child support and arrested him on a bench warrant tied to the support. (Id. ¶ 10.) When Plaintiff appeared in New Jersey Superior Court for the bench warrant and support claims, he alleges that Probation Officer Sedlak entered a false docket number onto Plaintiff's support case. (Id. ¶ 11.) Plaintiff claims the false docket number prevented him from clearing up any confusion with the Motor Vehicle Commission over his support obligations, and as a result, his driver's license remained in suspended status. (Id. ¶ 12.) In late 2003, Plaintiff attempted to clear up any confusion about support obligations with the Camden County Probation Department. (Id. ¶ 13.) However, since Plaintiff's case file with the allegedly false docket number

indicated Plaintiff was still failing to pay support, Camden County Probation Officer Whitman had him arrested. (Id.) Finally, in 2004, Plaintiff was again stopped by police and arrested for a fugitive warrant tied to his failure to pay child support. (Id. ¶ 16.)

Plaintiff alleges the various public officials and agencies named as Defendants collectively violated his civil rights.[2] Specifically, he claims Superior Court Judge John J. Lindsay improperly found Plaintiff guilty of a Domestic Violence charge in 1995 and, as a result, erred in giving Plaintiff's ex-wife exclusive possession of Plaintiff's home. (Pl.'s Am. Compl. ¶¶ 3-4.) Additionally, Plaintiff's complaint names Gloucester County Chief of Probation Robert Miles, alleging that in 1996 Miles' agency acted improperly when its officers erroneously suspended Plaintiff's driver's license due to non-payment of child support. (Id. ¶¶ 6-7.) Plaintiff's complaint also names Gloucester County Probation Officer Edward Sedlak, alleging Sedlak wrongfully submitted an order for spousal support in 2003

---

[2] Plaintiff's Amended Complaint names former New Jersey Attorney General Farber and the State of New Jersey as parties, but does not allege any specific claim against either party. This Court already gave Mr. Riley leave to amend his Complaint to be more specific in identifying his Defendants and stating a claim against each of them, in the Court's letter order dated June 5, 2006 [Docket Item 3]. Plaintiff filed his Amended Complaint in response on June 23, 2006 [Docket Item 4]. Even if Plaintiff were given leave to Amend his Complaint yet again to include specific charges against these parties, this Court would dismiss the claims for the reasons explained below.

after Plaintiff's marriage had been dissolved, repeatedly suspended Plaintiff's driver's license, and changed the Docket numbers on Plaintiff's spousal support cases, which caused Plaintiff to be arrested in 2003.  (Id. ¶¶ 8-12.)  Similarly, the Plaintiff alleges Camden County Probation Officer Mark Whitman also violated Plaintiff's rights in 2003 by using the false Docket numbers on Plaintiff's spousal support case, which allegedly caused Plaintiff to be arrested in August 2004 and September 2005.  (Id. ¶¶ 13-17.)

### B. Prior Proceeding[3]

This suit represents Plaintiff's second attempt to sue New Jersey probation officials for negligence and violations of his civil rights resulting from the alleged mismanagement of his support records.  In January 2005, Plaintiff filed a Complaint in state court against Gloucester County Probation Officers Sedlak and Banff, and Camden County Probation Officer Mark Whitman.  The suit alleged a violation of Plaintiff's civil rights through the mismanagement of his support case, which allegedly led to his arrest and imprisonment, and the suspension of his driver's license.  (Super. Ct. Tr. at 27-31.)  Defendants in the state

---

[3] While a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would generally only look to the alleged facts to determine whether dismissal was merited, "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

court suit responded with a motion to dismiss and on April 28, 2006, Judge Little of the Superior Court of New Jersey, Law Division granted Defendants' motion, dismissing Plaintiff's civil rights claim in light of the Defendants' immunity as state officials and dismissing Plaintiff's negligence claim for failure to comply with the notice provisions of the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:8-8.  (Super. Ct. Tr. at 29-30.)

In dismissing Plaintiff's negligence and civil rights claims, the New Jersey Superior Court held that Defendants were immune from suit for two reasons.  First, the named Probation Officers in the state court dismissal were entitled to Eleventh Amendment immunity as officers of the state. (Super. Ct. Tr. at 27-28.)  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," barred by the Eleventh Amendment state immunity).  Second, the state court dismissed the suit on immunity grounds because the Probation Officers were entitled to quasi-judicial immunity as officers of the court.  (Super. Ct. Tr. at 27-28.)   It is not clear whether Plaintiff appealed that adverse decision to the Appellate Division of the Superior Court.

**II.   STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

However, the court is "not required to credit bald assertions or legal conclusions alleged in the complaint." Jones v. Intelli-Check, Inc., 274 F. Supp. 2d 615, 625 (D.N.J. 2003). Further, it is appropriate for the Court to consider the prior decision of Judge Little, which Defendants attach to their motion.  See Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (court may look to prior judicial opinion on motion to dismiss).

**III. DISCUSSION**

   **A. Rooker-Feldman Doctrine**

Plaintiff's claims against Gloucester County Senior Probation Officer Edward Sedlak and Camden County Senior

Probation Officer Mark Whitman are barred by the Rooker-Feldman doctrine, which prohibits appeals from unfavorable state court results to a lower-level federal court.  As a result, both Sedlak and Whitman will be dismissed from this case.

Under the Rooker-Feldman doctrine, a district court lacks subject matter jurisdiction if the relief requested effectively would reverse a state court decision or void its ruling. Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (citing FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).  The doctrine, distilled from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), interprets 28 U.S.C. § 1257 as vesting subject-matter jurisdiction to hear appeals from state court judgments solely with the U.S. Supreme Court.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005).  The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 284.

The Third Circuit has explained the jurisdictional bar as precluding lower federal court jurisdiction over claims that were actually litigated or those "inextricably intertwined" with adjudication by a state court.  Parkview Ass'n P'ship v. City of

9

Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). "[A] federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" Id. (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989). See also Exxon Mobil, 544 U.S. at 293 (federal court is divested of jurisdiction under Rooker-Feldman only where it is asked to redress injuries caused by an unfavorable state-court judgment). Importantly, if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not specifically raised in the state court. Id. at 327. Instead of filing a new lawsuit in district court, "[A] party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the [United States] Supreme Court under § 1257 . . . ." Parkview Ass'n P'ship, 225 F.3d at 324.

Not only are the issues in this case "inextricably intertwined" with the proceedings in the state court, but relief in this action could "only be predicated upon a conviction that the state court was wrong." Id. at 325. The state court ruled on the merits of Plaintiff's negligence and civil rights violation claims against Probation Officers Sedlak and Whitman and dismissed the case for failure to state a claim. Therefore,

10

under Rooker-Feldman, this federal court does not have jurisdiction over the claims against Sedlak and Whitman and they will be dismissed as Defendants.

However, the Rooker-Feldman doctrine does not provide a jurisdictional bar for the remaining Defendants, who were not named as parties in the prior state court suit.  In Exxon Mobil, the U.S. Supreme Court stressed that Rooker-Feldman does not "override or supplant preclusion doctrine".  544 U.S. at 284.  As such, Rooker-Feldman is not simply preclusion by another name because the doctrine only applies in "limited circumstances," where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.  Id. at 291.  Rooker-Feldman does not "stop a district court from exercising subject-matter jurisdiction" where a federal plaintiff "'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party'" because in such an instance, "'there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"  Id. at 293 (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)).

Here, Plaintiff has alleged claims against four Defendants – former Attorney General of New Jersey Zulima V. Farber, Superior Court Judge John J. Lindsay, Chief of Probation for Gloucester County Robert Miles, and the State of New Jersey – who were not

11

named in the state court case.  Because claims against the four Defendants were never actually litigated or adjudicated in the state court case, the claims against the remaining Defendants do not constitute an appeal from a state court judgment.  As a result, Rooker-Feldman does not create a jurisdictional bar to Plaintiff's suit against the remaining Defendants.  Therefore, all claims against Defendants Sedlak and Whitman will be dismissed and this Court must examine whether the claims against the four remaining Defendants are precluded by the doctrine of collateral estoppel.

### B. Collateral Estoppel

To determine whether Plaintiff's claim is barred by collateral estoppel due to the prior adjudication in New Jersey state court, this Court must look to New Jersey collateral estoppel law.  28 U.S.C. § 1738 (2006); Allen v. McCurry, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so").  In New Jersey, the doctrine of collateral estoppel forecloses re-litigation of an issue when the party asserting the doctrine shows that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was

12

>       essential to the prior judgment; and (5) the party
>       against whom the doctrine is asserted was a party to or
>       in privity with a party to the earlier proceeding.

Hennessey v. Winslow Tp., 183 N.J. 593, 599 (2005) (internal citation omitted).

Here, Plaintiff's claims against the four remaining Defendants – former NJ Attorney General Zulima V. Farber, Superior Court Judge John J. Lindsay, Gloucester Chief of Probation Robert Miles, and the State of New Jersey – meet all of the elements for collateral estoppel.  First, Plaintiff's negligence and civil rights violation claims are identical to the claims decided in the state court adjudication.  (Compare Pl.'s Am. Compl. ¶¶ 3-4, 6-17 with Super. Ct. Tr. at 27-31.)  Second, both the negligence and civil rights claims were actually litigated in the April 28, 2006 state court hearing when Plaintiff's claims were dismissed due to Eleventh Amendment immunity and quasi-judicial immunity.  (Super. Ct. Tr. at 27-31.)  Third, the state court's dismissal due to immunity constitutes final judgment on the merits.  See Garden State Electrical Inspection Services Inc. v. Levin, 144 Fed.Appx. 247 (3d Cir. 2005) (district court's immunity dismissal constituted final judgment, allowing appellate review under 28 U.S.C. § 1291).  Fourth, the state court's determination of the state officers' immunity from Plaintiff's suit was essential to the state court's judgment.  Finally, Mr. Riley was the Plaintiff in both actions.

Therefore, because the five elements of the New Jersey collateral estoppel doctrine are met in this instance, Plaintiff's claims against former NJ Attorney General Zulima V. Farber, Superior Court Judge John J. Lindsay, Gloucester Chief of Probation Robert Miles, and the State of New Jersey are precluded by collateral estoppel.  As a result, Plaintiff's claims against these Defendants will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In other words, because a New Jersey court would find that the claims against the four remaining defendants are barred by collateral estoppel arising from the judgment in Plaintiff's Superior Court action involving Defendants Sedlak and Whitman, this federal court is likewise required to give the same effect to the prior adverse judgment under the full faith and credit clause, which bars this new action arising from the same claims.

### C.   Plaintiff's Motion for Judgment

For the reasons stated above, Plaintiff cannot succeed upon his motion for judgment on the pleadings.  The Superior Court has determined that his claims lacked merit and that the defendants he sued were also immune.  Collateral estoppel precludes Mr. Riley from making the same claims against new defendants in the federal court, just as the Rooker-Feldman doctrine precludes reinstituting federal claims against the two defendants – Sedlak and Whitman – that were extinguished in Superior Court.  His sole

remedy was to appeal that adverse decision to the Appellate Division of the Superior Court of New Jersey, and not to this federal district court.  This Court therefore cannot reexamine the merits of those claims.  Accordingly, Mr. Riley's motion for judgment must be denied.

### III. CONCLUSION

For the reasons discussed above, the Court dismisses Plaintiff's Complaint against Probation Officers Sedlak and Whitman for lack of subject matter jurisdiction and dismisses Plaintiff's Complaint against the remaining Defendants as barred by collateral estoppel.  As no other defendants remain in this action, the case shall be closed.  The accompanying Order is entered.


**May 29, 2007**                            **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                             United States District Judge