IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN RILEY,<br><br>    Plaintiff,<br><br> v.<br><br>NEW JERSEY STATE AGENCIES, et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-2311(JBS)<br><br>**MEMORANDUM ORDER** |

  This matter is before the Court on the motion of Plaintiff [Docket Item 47], Kevin Riley, for reconsideration of this Court's May 29, 2007 Opinion and Order, which denied his motion for judgment on the pleadings and granted Defendants' motion to dismiss after determining that the Rooker-Feldman doctrine barred his claims against two defendants and collateral estoppel barred his claims against the others.  The Court finds as follows:

  1.  Local Civil Rule 7.1(i) of the United States District Court for the District of New Jersey governs this motion for reconsideration.  That rule requires the moving party to set forth the factual matters or controlling legal authority that it believes this Court overlooked when rendering its initial decision.  The Court has discretion to grant or deny reconsideration, but should only grant it when such facts or authority were indeed presented but overlooked. DeLong v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975

(3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993). The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly. Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993). Nor is reconsideration warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision. Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).

    2.   In his certification[1], Plaintiff attests that his claims "were already adjudicated in state court, and denied." (Riley Cert. ¶ 6.) As that was the very basis for the Court's dismissal of this action, he has presented the Court with no new information that would or should change the outcome of this case.

    3.   Further, Riley attaches to the current motion an Order

---

[1] Plaintiff has not filed a brief or a statement why no brief is necessary, as Local Civil Rule 7.1 requires. Nor has he filed a proposed Order or a proper Notice of Motion. The Court has only this certification and an attached order from the New Jersey Superior Court.

denying judgment, signed by New Jersey Superior Court Judge Charles Little.  That Order provides additional evidence in support of this Court's decision and does not support Plaintiff's motion for reconsideration.  As this Court explained in its prior Opinion, Plaintiff is unable to appeal adverse decisions of the New Jersey courts to this lower federal court.

For all these reasons, and for good cause shown,

IT IS this     **8th**     day of **June, 2007** hereby

ORDERED that Plaintiff's motion for reconsideration [Docket Item 47] shall be, and it hereby is, **DENIED**.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge